(No. 13648.—Judgment affirmed.)
M. J. MULVIHILL, Appellant, *vs.* JOHN C. SHAFFER, Appellee.

*Opinion filed April 21, 1921—Rehearing denied June 8, 1921.*

1. JUDGMENTS AND DECREES—*when assignee of a decree has no cause of action thereon.* One who takes an assignment of a decree against several defendants, and subsequently, for sufficient consideration, enters into a contract to pay and cancel all debts and obligations of a particular one of the defendants, has no cause of action upon the decree against another defendant regardless of whether the decree is a lien on the property of the particular defendant or whether the latter is primarily liable upon the decree.

2. APPEALS AND ERRORS—*proper judgment will be affirmed even though reasons to sustain it are urged for first time in Supreme Court.* An appellee is not bound by any position he may have taken in the Appellate Court in support of the judgment of the trial court nor by the omission of any reasons which might have been advanced in the trial court for a judgment in his favor, and if the judgment is right it will be affirmed regardless of the reasons advanced.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. ROBERT E. CROWE, Judge, presiding.

FYFFE, RYNER & DALE, for appellant. .

MCKINNEY & BORDEN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

On April 24, 1908, a decree was rendered by the chancery court of Warren county, Mississippi, in favor of M. J. Mulvihill and against John C. Shaffer, S. R. Hughes, Harry K. Johnson, the Vicksburg Railroad, Power and Manufacturing Company and the Vicksburg Railway and Light Company, for $5300, with six per cent interest from June 27, 1903, and on May 4, 1908, Mulvihill assigned the decree to the Bullis Company. On April 17, 1913, the Bullis Company, in the name of Mulvihill for its use, began an action of debt in the circuit court of Cook county against Shaffer on this decree, and after a trial by the court without a jury a judgment was rendered in favor of the defendant, which the Appellate Court affirmed. A certificate of importance was granted and the plaintiff has appealed to this court.

The defendant filed a plea, a demurrer to which was overruled, and later filed nine additional pleas. Replications were filed to all the pleas and issue was joined. The original plea sets forth the decree in full; alleges that the Vicksburg Railway and Light Company was primarily liable on the decree and that the defendant was only secondarily liable; that the decree was a lien upon the property of the Vicksburg Railway and Light Company, and that the property of that company, subject to a mortgage which was a prior lien to the decree, was worth more than the amount due on the decree; that the Bullis Company, the assignee of the decree, was controlled by S. S. Bullis, who was the president and who with members of his family owned all the stock, and that the assignment of the decree, while made ostensibly to the Bullis Company, was in fact

for the use of Bullis, who paid for the assignment and was, in fact, the owner of the decree at the time of the sale of the property of the Vicksburg Railway and Light Company; that on March 5, 1908, the chancery court of Warren county entered a decree in the case of Sarah E. Bullis and others against the Vicksburg Railway and Light Company for the sale on the first Monday in May, 1908, of all the property of that company to the highest bidder for cash, subject, however, to the debt secured by the mortgage executed by the company, for the purpose of paying certain judgments held by S. S. Bullis and Sarah E. Bullis against the company and all other judgments controlled by them and all other creditors whose claims might be established; that all of said judgments were subsequent and subordinate to the lien of the decree, and all of them, except one for $15,000, which had been rendered in favor of himself, were assigned to Bullis; that the property of the Vicksburg Railway and Light Company was sold to Bullis by the receiver on May 4, 1908, after the assignment of the decree in favor of Mulvihill, who utilized and bid at the sale, as the purchase price of the property, so much of the judgments as was necessary to pay the purchase price, and he caused the judgments to be satisfied by an entry on the margin of said judgments, signed by himself; that afterward a deed of said property was made by the receiver to Bullis, who thereupon became the owner of the property subject to the lien of the indebtedness secured by the mortgage of the Vicksburg Railway and Light Company; that Bullis being the owner of the decree and of the judgments whose lien was subordinated to the lien of the decree, well knowing that the defendant's liability was secondary to that of the Vicksburg Railway and Light Company, for the purpose of keeping the decree alive and enforcing it against the defendant did not utilize the decree for bidding upon and paying the purchase price of the property at the receiver's sale, but, on the contrary,

bid his subordinate judgments, and thereby attempted to deprive this defendant of the benefit of the primary liability of the Vicksburg Railway and Light Company on said decree, and that by such conduct of Bullis the decree as to the defendant became and was fully paid, extinguished, satisfied and discharged.

Each of the additional pleas set forth the decree in full and made the same allegations as the first plea in regard to the secondary liability of the defendant upon the decree and the primary liability of the Vicksburg Railway and Light Company, and made the same allegations with reference to the control of the Bullis Company by S. S. Bullis and in regard to the assignment of the decree being, in fact, for the use of Bullis. They then alleged various subsequent acts and proceedings by which it was claimed that the liability of the defendant on the decree was discharged. It will not be necessary to set forth further the allegations of any except the first additional plea, which averred that after the sale of the property of the Vicksburg Railway and Light Company, on July 12, 1909, S. S. Bullis and others entered into a contract in writing with S. R. Hughes and the defendant, whereby Bullis undertook and agreed to pay, cancel and satisfy all notes, judgments, coupons or debts, of whatever kind, due and owing from the Vicksburg Railway and Light Company and from others, and that said corporation should be free of all debts excepting certain bonds executed and issued by the Vicksburg Railway and Light Company; that said contract was fully executed, and that Hughes and this defendant paid and furnished the entire consideration provided to be paid and furnished by them under said contract and fully performed the contract, and that by reason of the premises the judgment was fully released, discharged and satisfied as to the principal debtor, the Vicksburg Railway and Light Company, and that by reason thereof was also fully released, discharged and satisfied as to this defendant as surety.

The appellant states that his contention in this court is that the judgments of the circuit court and the Appellate Court were erroneous for three reasons and for those three reasons only, and that he does not urge many of the points which he presented to the Appellate Court. These three reasons presented by the appellant are: (1) That the decree never became a lien on the property of the Vicksburg Railway and Light Company; (2) that the defendant has always been primarily liable upon the decree; and (3) that evidence which was admitted on behalf of the defendant with reference to transactions finally culminating in the decree was incompetent.

So far as the first additional plea is concerned, these questions are not decisive, and are, in fact, immaterial. That plea alleges that Bullis entered into a contract with the defendant and Hughes to cancel, pay and satisfy all debts of the Vicksburg Railway and Light Company excepting certain bonds executed and issued by the company; that the contract was fully executed and that the defendant and Hughes paid and furnished the entire consideration to be paid or furnished by them under the contract and fully performed the contract. Evidence was introduced on this issue as well as others, and the court having found the issues for the defendant and entered judgment in his favor must be assumed to have found all the controverted facts in favor of the defendant. This finding we are bound to accept as final. If it is true that Bullis, who was the owner of the decree, was bound to pay it, he could have no cause of action upon it against the defendant whether the decree was a lien on the property of the Vicksburg Railway and Light Company or not and whether the defendant was primarily liable upon the decree with the Vicksburg Railway and Light Company or not. Neither could the evidence admitted on behalf of the defendant with reference to the transaction which finally culminated in the decree make any difference as to the subsequent agreement

of Bullis to pay the debt. That evidence was introduced for the purpose of showing that the liability of the appellee was secondary to the primary liability of the Vicksburg Railway and Light Company, but since Bullis was bound to pay the debt it makes no difference whether the appellee's liability was primary or secondary, and therefore the evidence was immaterial and harmless.

The appellant contends that the allegations that the decree was a lien on the property of the Vicksburg Railway and Light Company and that the defendant was a surety are essential parts of the first additional plea, and that the contention that these allegations are surplusage is made in this court for the first time. So far as the last objection is concerned, the appellee is not bound by any position he may have taken in the Appellate Court in support of the judgment of the trial court or by the omission of any reasons which might have been advanced in the trial court for a judgment in his favor. If the judgment of the trial court was right on the record it should be affirmed, even if the reasons which are now advanced in support of it were not then considered.

The appellant contends that the plea can be sustained on no other theory than that the release by the creditor of the principal debtor releases the surety. If all allegations in regard to the secondary liability of the defendant were stricken out of the plea there would still remain the agreement to cancel all notes, judgments and coupons held, owned or controlled by Bullis so that the corporation should be free of all debts except the bonds secured by its mortgage.

It is argued that if Shaffer is primarily liable on the decree, as the appellant contends, it will be possible for Bullis to satisfy the decree, so far as the Vicksburg Railway and Light Company is concerned, without affecting his rights against Shaffer; that a covenant not to sue would have that effect and would satisfy the terms of the con-

tract of July 12, 1909. A covenant not to sue would not be a cancellation of the decree such as Bullis agreed to.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

---

(No. 13525.—Reversed and remanded.)
THE CHICAGO TITLE AND TRUST COMPANY, Appellant, *vs.*
CHARLES B. MUNDAY *et al.* Appellees.

*Opinion filed April 21, 1921—Rehearing denied June 8, 1921.*