## John Huggins, Appellant, v. City of Pinckneyville et al., Appellees.

1. APPEAL AND ERROR—*effect of inconsistency of position of appellee on application for rehearing after judgment of reversal.* Where a judgment is reversed on appeal the appellee is not bound, on petitioning for a rehearing, by any position he may have taken on the appeal in support of the judgment of the trial court, nor by the omission of any reason which might have been advanced in the trial court for a judgment in his favor, and if the judgment is right it will be affirmed regardless of the reasons advanced.

2. TAXES—*power of city to levy tax to pay waterworks construction bonds charged against city generally.* Where a city, authorized by Cahill's St. ch. 24, ¶ 236 *et seq.*, and Cahill's St. ch. 24, ¶ 1062 *et seq.*, to borrow money and levy taxes for the construction of waterworks, receives authority by a vote of the people to issue and sell bonds for that purpose which are a general charge against the city, the power of the city to levy a tax for the payment of such bonds in excess of the levy authorized by Cahill's St. ch. 24, ¶ 115, is not limited by Cahill's St. ch. 24, ¶ 1077 *et seq.*, since said ¶ 115 expressly recognizes the right of the city to levy, in addition to the general tax therein provided for, such an amount as may be necessary to pay its bonded indebtedness.

3. LOCAL IMPROVEMENTS AND ASSESSMENTS—*necessity for special assessment for construction of municipal waterworks system.* A system of waterworks constructed by a city pursuant to Cahill's St. ch. 24, ¶ 1062 *et seq.*, is not required to be constructed by special assessment, the act contemplating that the city may borrow money for such purpose.

4. LOCAL IMPROVEMENTS AND ASSESSMENTS—*propriety of special assessment for construction of parts of municipal waterworks system specially benefiting particular property.* While the construction of a general system of waterworks for fire protection and general use is not a local improvement which may be paid for by special assessment, the cost of laying water mains and such portions of the system as are local in character and of special benefit to particular property may be paid for in that manner.

5. MUNICIPAL CORPORATIONS—*necessity for submission of waterworks construction ordinance to popular vote.* Proceedings for the construction of a municipal waterworks system cannot be said to have been in compliance with the provisions of Cahill's St. ch. 111a, ¶ 1 *et seq.*, where the record thereof does not show that the ordinance providing for such construction was ever submitted

to a vote of the people for their approval, as required by ¶ 3 of such chapter, although it showed a compliance with ¶ 8 thereof by securing popular approval of an issue of bonds to secure funds for such construction.

6. PUBLIC CONTRACTS—*non-implication of repeal of general statute respecting mode of contracting for public improvements by provisions for commission form of government.* In view of Cahill's St. ch. 24, ¶ 323, providing that the adoption of a commission form of government shall not deprive a city of its powers under the Cities and Villages Act, Cahill's St. ch. 24, ¶ 121, authorizing the city, by a two-thirds vote of its aldermen, to contract for a public improvement without advertising for bids, or do the work itself through its proper officers, although the expense thereof exceeded $500, cannot be held to have been impliedly repealed, so far as applicable to cities under commission government, by Cahill's St. ch. 24, ¶ 377, requiring all contracts pertaining to public improvements involving an outlay of more than $500 to be let to the one who, in the opinion of the commissioners, makes the bid therefor most advantageous to the city.

7. PUBLIC CONTRACTS—*powers of city under commission government as to letting contracts for public improvements.* In view of Cahill's St. ch. 24, ¶¶ 121, 323, where a city under commission form of government decides, by a two-thirds vote of its commissioners, to construct a system of waterworks through its proper officers, it has the power to employ manual labor by the day or hour therefor, and to purchase material of the value of $500 and upwards on contracts let to the lowest responsible bidder; and on such vote the commissioners could let the contract for the entire improvement without advertising for bids, without regard to the total cost thereof, or they could have the work done without letting a contract for the entire construction.

8. INJUNCTION—*necessity for averment of non-compliance by city with terms of authorizing statute.* In a suit by a taxpayer of a city under commission form of government, to enjoin the city from letting a contract for the improvement of its waterworks system and from selling bonds of the city to defray the expense thereof and from levying a tax to pay such bonds, it was incumbent upon the complainant to aver and prove that the city commissioners had not, by a two-thirds vote, determined to make such improvement pursuant to the provisions of Cahill's St. ch. 24, ¶ 121.

9. APPEAL AND ERROR—*presumption as to compliance by city with act authorizing procedure in letting contract, in absence of contrary showing in record.* Where on appeal from a decree dismissing for want of equity a bill to enjoin a city under commission form of government from letting a contract for the im-

provement of its waterworks it did not appear from the record that the complainant had averred a failure on the part of the city to comply with Cahill's St. ch. 24, ¶ 121, authorizing the procedure adopted in letting the contract in question, the court could not presume that the city had not complied with the requirements of that paragraph.

Appeal by plaintiff from the Circuit Court of Perry county; the Hon. Louis Bernreuter, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed November 12, 1925. Original opinion filed August 5, 1925.

L. A. Cranston and M. C. Cook, for appellant.

W. O. Edwards, for appellees.

Mr. Justice Barry delivered the opinion of the court.

Appellant sought to enjoin the City of Pinckneyville from letting a contract for the improvement of its waterworks; from selling city bonds and levying taxes to pay the same, and the county clerk from extending such taxes. The material averments of the bill were to the effect that the improvement and appropriation ordinances are null and void because the city is attempting to levy a direct annual tax in addition to the regular taxes allowed by law and without providing that any part of the income from the waterworks shall be applied to the payment of the bonds; that the proposed contract was never published or submitted to a vote of the people as required by law; that the city has advertised for bids for the construction of the improvement and is about to let the contract therefor. While the Act of 1899 (Cahill's St. 1925, ch. 24, ¶ 1077 *et seq.*) is not expressly referred to it is quite apparent from the averments in the bill that the action is based on the theory that the ordinances are void for the reason that the first three sections of that Act were not complied with. Appellees, in their answer, admitted the foregoing averments in the bill but denied that the improvement was being constructed under the Act

aforesaid. They made no attempt to show by what authority the city was proceeding.

Appellant filed a supplemental bill in which he averred that since the filing of the original bill the city had rejected all bids, the lowest of which was $42,500; that no contract had been let for the construction of the entire improvement but the city was proceeding with the work by letting contracts for portions thereof in amounts less than $500, and employing men by the hour or day, and in that manner had expended several thousand dollars of the fund derived from the sale of bonds. Appellees answered that the city had caused some preparatory work to be done but denied that any part thereof, the expense of which exceeded $500, had been done except under contracts let to the lowest responsible bidder. Issues were joined and upon a hearing before the court a decree was entered dismissing the bills for want of equity.

In his original brief and argument, appellant called attention to the fact that there were at least five statutes under which the city may construct and maintain a waterworks system, and argued that the city having failed to comply with any one of said acts the ordinances were void. Appellees insisted that under section 12, art. IX of the Constitution and Cahill's St. 1925, ch. 24, ¶ 65, clause 5, the city had the power to borrow money for the construction of the improvement and to issue bonds therefor and to levy taxes to pay the same and that by reason thereof the decree was right and should be affirmed. Appellees made no claim that the city had complied with the provisions of any one of the waterworks statutes.

We held, in effect, that the city could not construct and maintain a system of waterworks without complying with one of the several statutes pertaining to that subject, citing *City of Chicago v. Town of Cicero*, 210 Ill. 290, and that inasmuch as appellees did not claim that the city had complied with any of said acts the

decree should be reversed. Appellees then filed a petition for rehearing in which, for the first time, they insisted that the proceedings on the part of the city met all of the requirements of the Act of 1872 (Cahill's St. ch. 24, ¶ 236 *et. seq.*), the Act of 1873 (Cahill's St. ch. 24, ¶ 1062 *et seq.*) as well as the Act of 1913 (Cahill's St. ch. 111a, ¶ 1 *et seq.*). And appellee is not bound by any position he may have taken in this court in support of the judgment of the trial court, nor by the omission of any reason which might have been advanced in the trial court for a judgment in his favor, and if the judgment is right it will be affirmed regardless of the reasons advanced. *Mulvihill v. Shaffer,* 297 Ill. 549; *Becker v. Billings,* 304 Ill. 190 [23 N. C. C. A. 105]. For that reason we granted a rehearing.

Under the Acts of 1872 and 1873 aforesaid, the city had express power and authority to borrow money and levy taxes for the construction of waterworks. The city thought it wise to borrow the money by the issuance and sale of its bonds. The question was submitted to a vote of the people and the bond issue was authorized. Appellant contends that the proceedings cannot be sustained under those statutes because it was necessary to levy an additional tax which is not authorized by any statute other than the Act of 1899; that unless that Act was complied with the city is limited to the general taxes authorized by law. This is a misapprehension. The amount that may be raised by general taxation is limited by Cahill's St. ch. 24, ¶ 115, but that paragraph expressly recognizes the right of the city to levy, in addition thereto, such an amount as may be necessary to pay its bonded indebtedness. The Act of 1899 only applies when the bonds are to be paid out of the additional taxes and the income from the waterworks and from no other source. In the case at bar the bonds are a general charge against the city and the payment thereof is not limited to a particular fund.

Appellant contends that when a system of water-

works is constructed under the Act of 1873 it must be done by special assessment. That contention is not sound as the act contemplates that a city may borrow money for such purposes. *Merchants Loan & Trust Co. v. City of Chicago*, 264 Ill. 76. The construction of a general system of waterworks for fire protection and general use is not a local improvement which may be paid for by special assessment, but the cost of laying water mains and such portions of the system as are local in their character and of special benefit to particular property may be paid for in that manner. *Hewes v. Glos*, 170 Ill. 436; *Village of Morgan Park v. Wiswall*, 155 Ill. 262. We are of the opinion that the proceedings in question were fully authorized by the Acts of 1872 and 1873 and that it was not necessary for the city to comply with the Act of 1899.

We cannot agree with appellees' contention that the proceedings also complied with the provisions of Cahill's St. ch. 111a, ¶ 1 *et seq.* Section 3 of that statute requires that the ordinance shall be submitted to a vote of the people for their approval. So far as the records show that was not done. There was a vote on the question as to whether bonds should be issued and in that regard there was a compliance with section 8 of said Act. The ordinance never having been approved by the voters it cannot be said that the proceedings were in compliance with said Act.

The City of Pinckneyville is organized under the general law. Before it adopted the commission form of government it was required to let all contracts to the lowest responsible bidder for any work or other public improvement, not to be paid for by special assessment, if the expenses thereof exceeded $500, but by a vote of two-thirds of its aldermen it could contract without advertising for bids, or could do the work itself through its proper officers and for that purpose was authorized to employ all manual labor by the day or hour, but all material of the value of $500 and upward to be used

in the construction should be purchased by contract let to the lowest responsible bidder in the manner to be prescribed by ordinance. Cahill's St. ch. 24, ¶ 121. It is expressly provided that when a city adopts the commission form of government it shall not lose any of the rights, powers or authority possessed by it under the Cities and Villages Act. Cahill's St. ch. 24, ¶ 323. While the Act in regard to commission form of government requires that all contracts pertaining to public improvements involving an outlay of more than $500 shall be let to the one who, in the opinion of the commissioners, makes the most advantageous bid for the city (Cahill's St. ch. 24, ¶ 377), yet we are of the opinion that there is no such conflict between that paragraph and paragraph 121 aforesaid that would authorize us in holding that said paragraph 121 was repealed by implication in so far as its application to cities under commission form of government is concerned.

We are also of the opinion that if the city by a vote of two-thirds of its commissioners decided to construct a system of waterworks through its proper officers, it had the power to employ manual labor by the day or hour and to purchase material of the value of $500 and upward on contracts let to the lowest responsible bidder. It is clear from paragraph 121 aforesaid that on such a vote the aldermen or commissioners could let the contract for the entire improvement without advertising for bids without regard to the total cost of the entire improvement. We think it is equally clear that upon such a vote the city could have the work done without letting a contract for the entire construction. The legislature, in our opinion, did not intend to limit the power of the city in that regard to an improvement the entire cost of which would not exceed $500 over and above the cost of necessary manual labor.

Appellant neither averred nor proved that two-thirds of all of the city commissioners had not voted that the

city should do the work in accordance with the provisions of said paragraph 121. In the state of the record we would not be warranted in presuming that the city had not complied with the paragraph. The burden was upon appellant to aver and prove that the city was proceeding without authority of law, and having failed to do so the decree is affirmed.

*Affirmed.*