(No. 12300.—Judgment affirmed.)

ESTHER M. DIETRICH, Plaintiff in Error, *vs.* THE INDUS-
TRIAL BOARD *et al.*—(GRANT FURRY, Defendant in
Error.)

*Opinion filed December 18, 1918.*

1. WORKMEN'S COMPENSATION—*what statutory or municipal
regulations are contemplated by the Workmen's Compensation act.*
The provision of the Compensation act bringing within its opera-
tion an enterprise in which statutory or municipal ordinance regu-
lations are imposed, means such statutory or municipal regulations
as are designed for the protection and safeguarding of employees
or the public against accidental injury or death, and not those re-
lating to sanitation, hours of work, seats for employees, mainte-
nance of equable temperature, and the like.

2. SAME—*when business is not within the Compensation act.*
A retail grocery and butcher shop conducted in a one-story build-
ing, with a cellar underneath, and having no elevator or power-
driven machinery in connection with the business, is not within the
Compensation act as an enterprise subject to statutory or municipal
regulations, even though there is an ordinance requiring a license
to keep a butcher shop and a certificate from the commissioner of
public health that the building is in a sanitary condition and impos-
ing penalties for false weights.

WRIT OF ERROR to the Circuit Court of Peoria county;
the Hon. JOHN M. NIEHAUS, Judge, presiding.

R. H. LOVETT, L. O. EAGLETON, and HOWARD WHITE,
for plaintiff in error.

DAILEY, MILLER, McCORMICK & RADLEY, for defend-
ant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

George L. Dietrich was an employee of Grant Furry
and in the course of his employment on November 15, 1915,
received an injury in consequence of which he died a few
days later. He left a widow, Esther M. Dietrich, who ap-
plied to the Industrial Board for an award under the Work-

men's Compensation act.  An arbitrator was appointed, and his finding was that Dietrich and Furry, his employer, were not on the day of the accident operating under the provisions of the Workmen's Compensation act.  On a petition for review the Industrial Board affirmed the finding of the arbitrator, and the applicant sued out of the circuit court of Peoria county a writ of *certiorari*.  On motion of respondent the writ was quashed, and the applicant has sued out a writ of error to review the judgment of the circuit court.

At the time of the accident Grant Furry was engaged in conducting a retail grocery store and butcher shop in the city of Peoria and in connection with the butcher shop buying and selling poultry, dressed and live.  The business was conducted in a one-story building, under which was a cellar where the reserve stock of goods was stored.  No power-driven machinery was used in connection with the business, although a meat grinder and a coffee and spice grinder, both hand-driven, were used.  The deceased was employed as a butcher.  His duties consisted in carving, wrapping and selling meats.  He also acted as a general handy man about the store and butcher shop, selling groceries and helping to store the surplus stock in the cellar, bringing up supplies from the cellar to the butcher shop and store, and doing repair work to the building, toilets and fences.  On November 15, 1915, while assisting in storing in the cellar cans of lard packed in crates, which were let down from the street by means of a chute, his thumb was accidentally crushed, and from blood poisoning resulting from this injury he died on November 24, 1915.

Furry had not elected either to be bound or not to be bound by the provisions of the Workmen's Compensation act, but the plaintiff in error insists that he was bound by its provisions by reason of clause 8 of section 3 of the act, because he was engaged in an enterprise in which statutory or municipal ordinance regulations are imposed for

the protection and safeguarding of the employees or of the public therein. The statutory and municipal ordinance · regulations which the plaintiff in error contends bring the defendant in error within the provisions of the act are the Child Labor law, the Women's Ten Hour law, the Health, Safety and Comfort act, and an ordinance of the city of Peoria which requires every person conducting a meat market to obtain a license to do so and imposes penalties for false weights or sales without weighing, the application for which license must be accompanied by a certificate from the commissioner of health stating that the place in which it is proposed to carry on such business is in a sanitary condition and is a fit place for carrying on such business. These statutory and municipal regulations are not of the character referred to in clause 8 of section 3 of the Workmen's Compensation act. The title of that act is, "An act to promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment within this State," etc. Compensation for accidental injuries or death is the subject of the act and its language must be construed with reference to that subject. When it is said that it shall apply in any enterprise in which statutory or municipal ordinance regulations are imposed for the protection and safeguarding of the employee or the public therein, it refers to such regulations for the protection and safeguarding of employees or the public against accidental injuries or death. The ordinance and the statutes upon which the plaintiff in error relies are not imposed upon the business in which the defendant in error was engaged for such purposes. So far as they·refer to machinery and the guarding, protecting and operating of it they are not applicable to his business, for he had no machinery. The only regulations in those statutes or in the ordinance concerning his business refer to sanitation, the age of children who may be employed, the manner of their employment, the hours of work of women

whom he may employ, the provision of seats for them, the maintenance of equable temperature and proper sanitation, and the like. They have no reference to the subject matter with which the Workmen's Compensation act is concerned.

The judgment is affirmed.      *Judgment affirmed.*