(No. 26449.—

G. M. Figgins, Commissioner of Highways, Defendant in Error, *vs.* The Industrial Commission *et al.*—(J. Oscar Lawrence, Plaintiff in Error.)

*Opinion filed January 22, 1942.*

Wilson, J., dissenting.

Harry I. Hannah, and Thomas R. Figenbaum, for plaintiff in error.

J. C. Williard, and John W. Fribley, for defendant in error.

Mr. Justice Shaw delivered the opinion of the court:

On August 4, 1938, the plaintiff in error, J. Oscar Lawrence, was mowing weeds with a horse-drawn mowing machine, on the right of way of a road maintained by defendant in error, G. M. Figgins, commissioner of highways of Big Springs township, Shelby county, Illinois, preparatory to widening and regravelling that road. In some manner the sickle-bar of the machine dropped in a depres-

sion, became caught in some brush and locked. Lawrence left the seat of the machine and, without releasing the reins, went to the sickle-bar and removed the obstruction. At this moment a band of gypsies drove up in an automobile and stopped. A woman got out of the car and came up to the plaintiff in error, put her hands on him and told him he was sick. He pushed her away but she returned and to avoid her he stepped back over the sickle-bar. While in this dangerous position the horses started and his leg was caught in the sickle resulting in an injury which required the amputation of his leg.

Lawrence filed a claim for compensation with the Industrial Commission and the cause was referred to an arbitrator, who heard evidence and entered an award in favor of the plaintiff in error. On review by the Industrial Commission further evidence was taken and the award was sustained. A writ of *certiorari* was sued out of the circuit court of Shelby county and in that court a judgment was entered setting aside the award.

To support the judgment of the circuit court it is first argued by the defendant in error that plaintiff in error was not performing any act or work deemed to be extra hazardous and therefore is not entitled to compensation. Where a township does not engage in any business or enterprise which includes those activities declared by section 3 of the Workmen's Compensation act (Ill. Rev. Stat. 1941, chap. 48, par. 139) to be extra hazardous, it does not automatically come under the provisions of the act. (*Village of Chapin* v. *Industrial Com.* 336 Ill. 461.) The record must affirmatively show that the municipality was engaged in some one of the extra-hazardous enterprises or businesses enumerated. (*Board of Education* v. *Industrial Com.* 346 Ill. 505.) The specific work engaged in by the employee need not be a part of such extra-hazardous undertaking or bring him in contact with it. (*Illinois Publishing Co.* v. *Industrial Com.* 299 Ill. 189.) The juris-

diction of the Industrial Commission is to be determined by the business or enterprise of the employer and not the particular kind of work or the particular thing that the employee may be doing at the time of the injury. The business or enterprise in which the defendant in error was engaged was maintaining, repairing and rebuilding roads in Big Spring township, and the record shows that in this work trucks, scythes, shovels, axes, picks, tractors and dynamite were used. The use of these tools and materials clearly brings the parties within section 3 of the act above quoted. *Forest Preserve District* v. *Industrial Com.* 357 Ill. 389.

The remaining question is whether the injury is one "arising out of" and "in the course of" the plaintiff in error's employment. There is no dispute as to the facts.

We have held that these phrases were used conjunctively in the Workmen's Compensation act and the circumstances of the accident must satisfy both one and the other. *Danville, Urbana and Champaign Railroad Co.* v. *Industrial Com.* 307 Ill. 142.

In seeking a determination of the issue presented, no all-inclusive rule can be laid down but each case must be decided with reference to its own circumstances. (*Irvin Neisler & Co.* v. *Industrial Com.* 346 Ill. 89; *Dambold* v. *Industrial Com.* 323 id. 377.) The words "in the course of employment" refer to the time, place and circumstances under which the accident occurred. (*Mueller Construction Co.* v. *Industrial Board,* 283 Ill. 148.) The words "arising out of" refer to the origin or the cause of the accident and are descriptive of its character. (*Mazursky* v. *Industrial Com.* 364 Ill. 445.) The accident arises "out of" the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is to be performed and the resulting injury.

The present situation comes within our definition of these phrases. By reason of his employment, Lawrence was exposed to a hazard to which he would not otherwise have been exposed, and the danger was peculiar to the work he was doing at the time he received the injury. The injury had its origin in a risk connected with the employment. Lawrence was not injured by the gypsies, but by the mowing machine which suddenly started before he had an opportunity to seek a place of safety. The cases relied upon by the defendant in error are all distinguishable from the case at bar as they deal with situations in which the employee was directly assaulted and injured by a third party, or where the employee had left his place of employment and was injured while performing an independent act.

The judgment of the circuit court of Shelby county is reversed and the cause remanded to that court, with directions to reinstate the award of the Industrial Commission.

*Reversed and remanded, with directions.*

Mr. JUSTICE WILSON, dissenting.