(No. 39476.—

THE COUNTY OF WINNEBAGO, Appellant, *vs.* THE INDUS-TRIAL COMMISSION *et al.*—(ELISA GAZIANO *et al.*, Appellees.)

*Opinion filed March 24, 1966.*

JOHN E. SYPE, Special Assistant State's Attorney, of Rockford, for appellant.

WILLIAM E. COLLINS, of Rockford, for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This appeal by Winnebago County, the decedent's employer, presents the issue of whether the widow and children

of Rosario Gaziano, deceased, are entitled to recover death benefits under the Workmen's Compensation Act. (Ill. Rev. 1961, chap. 48, pars. 138.1-138.28.) The Industrial Commission sustained an award made by an arbitrator, and the circuit court of Winnebago County confirmed the order of the Commission.

Gaziano, a licensed attorney, was one of five assistant State's Attorneys in the county, having first been appointed in 1948. On May 14, 1962, upon instructions from the State's Attorney, he traveled from Rockford to Springfield where he argued in criminal appeals before this court on May 15, 16 and 17. Although he appeared in good health and fully argued his cases heard on the first two days, on May 17 he abruptly ended his argument after about ten of his allocated thirty minutes without answering many of the points raised by opposing counsel. Shortly thereafter, during lunch, he had a strained look and appeared to be suffering from gastric distress. At about 4:00 P.M., while sitting in a Springfield bus depot awaiting the return trip to Rockford, he appeared pale and weak, and required assistance in going to a restroom and later in boarding the bus. During a stop in Bloomington, Gaziano suffered an attack and was taken to a hospital where he expired that evening from a coronary occlusion. An autopsy disclosed an arteriosclerotic heart condition of many years duration.

The county contends that, having never elected to be bound by the Workmen's Compensation Act, it is not liable for the payment of benefits for the death of an employee engaged in non-extrahazardous duties. Claimants, on the other hand, contend that all employees of a county are automatically covered by the act whether or not the duties are extrahazardous. And while other contentions are raised, the matter of the act's coverage is the determinative issue.

At the time of the death involved, and for approximately forty years prior thereto, section 3 of the Workmen's Compensation Act provided: "The provisions of this Act here-

inafter following shall apply automatically and without election to the State, county, city, town, township, incorporated village or school district, body politic or municipal corporation, and to all employers and all their employees, engaged in any department of the following enterprises or businesses which are declared to be extra hazardous, namely: * * *." (Ill. Rev. Stat. 1961, chap. 48, par. 138.3; see also, Laws of 1921, pp. 447-448.) Section 2 of the act, first enacted in 1951, provided in pertinent part: "An employer in this State, who does not come within the classes enumerated by Section 3 of this Act, may elect to provide and pay compensation for accidental injuries sustained by any employee, arising out of and in the course of the employment according to the provisions of this Act, and thereby relieve himself from any liability for the recovery of damages, except as herein provided. The State of Illinois hereby elects to provide and pay compensation according to the provisions of this Act." Ill. Rev. Stat. 1961, chap. 48, par. 138.2; see also Laws of 1951, p. 1060.

In view of the express statutory language, it is apparent that by reason of the State's election its employees are covered by the act whether or not engaged in one of the hazardous enterprises enumerated in section 3, but that employees of other political units are covered only if they engage in the designated extrahazardous enterprises, or if the employing unit has elected to be bound by the other provisions of the act. Stated otherwise, and as applied to this case, if a county has not elected to "provide and pay compensation according to the provisions of this act," county employees have only the automatic coverage for hazardous duties directed by section 3. Demonstrative is *County of Christian* v. *Industrial Com.* (1945), 391 Ill. 475, where a county nurse was denied compensation for injuries arising out of and in the course of her employment because her employer had not elected to come within the provisions of the act, and because she was not engaging in any of the extra-

hazardous activities designated by section 3. (See also, *Figgins* v. *Industrial Com.* 379 Ill. 75; *Forest Preserve District* v. *Industrial Com.* 357 Ill. 389; I.L.P., Workmen's Compensation, secs. 51, 52.) In the present case there is no showing that Winnebago County elected to be bound by the provisions of the act, and neither is there a showing of such an extrahazardous enterprise as would bring about its automatic application.

It is true, as claimants point out, that section 1 of the act, defines the term "employer," as meaning, in part: "The State and each county, city, town, township, incorporated village, school district, body politic, or municipal corporation therein." (Ill. Rev. Stat. 1961, chap. 48, par. 138.1(a)(1).) But this does not mean that all employees of such political entities are automatically and fully covered by the entire act, any more than the act's definition of an "employee" could be said to impose automatic coverage without regard to election by the employer. Furthermore, to arrive at the coverage intended from the definition of an "employer" found in section 1, would cause sections 2 and 3 to be mere surplusage, and that is not to be presumed in statutory construction. (*Skillet Fork River Outlet Union Drainage Dist.* v. *Fogle,* 382 Ill. 77, 85.) By the same token section 1 cannot be construed as causing the act to apply automatically to all governmental employees, for to do so would make the specific election of the State in section 2 to be without purpose. Nor can it be said that the effect of section 3 is to cause the entire act to apply to cities, counties and the like without election. Rather, as this court replied to a similar contention in *Village of Chapin* v. *Industrial Com.* 336 Ill. 461, 465-466, by specifically mentioning the State and other political units in section 3, the legislature sought only to remove doubt as to whether such governmental units were to be considered employers within the meaning of section 3.

It is axiomatic that where a court has construed a

statute and the construction has not evoked an amendment by the legislature, it will ordinarily be presumed that it has acquiesced in the court's exposition of the legislative intent. (*Bell* v. *South Cook County Mosquito Abatement Dist.,* 3 Ill.2d 353; *Modern Dairy Co.* v. *Department of Revenue,* 413 Ill. 55; *Consumers Co.* v. *Industrial Com.* 364 Ill. 145; see also *Skolnick* v. *Martin,* 32 Ill.2d 55, 59.) As regards the problem here, the prior construction that county employees have automatic coverage only with respect to the extrahazardous enterprises enumerated by section 3 has not been changed or interfered with by the legislature. And this is so despite a vigorous dissent in *County of Christian* v. *Industrial Com.* 391 Ill. 475, 486 *et seq.,* which urged that the act should be construed as automatically applying to county employees regardless of the nature of their employment, and whether or not the county elected to be bound.

Accordingly, since Winnebago County had made no election to provide and pay compensation according to the provisions of the act, and since decedent was not engaged in an extrahazardous duty as defined by section 3, the award of benefits was error. For this reason, the judgment of the circuit court of Winnebago County is reversed, and the award is set aside.

*Judgment reversed; award set aside.*