(No. 20022.—

WILLIAM GARREN *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ANNA JOHNSON, Defendant in Error.)

*Opinion filed June 20, 1930.*

ABBOTT, ABBOTT & BISHOP, (ARTHUR V. BISHOP, of counsel,) for plaintiffs in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This cause is here by leave of this court on writ of error to review a judgment of the circuit court of Cook county confirming an award of the Industrial Commission in favor of defendant in error, Anna Johnson, against plaintiffs in error, William Garren and Augusta Garren, under the Workmen's Compensation act.

Plaintiffs in error are husband and wife and reside in a frame building in the village of Thornton, in Cook county. Next to it, at one end, is a stone building with a connecting door, and at the other end is an annex, used as a kitchen. In the stone building William Garren had his place of business—a soft drink parlor, with a bar and counter. Mrs. Garren at times served meals in the dining room to transients. Anna Johnson was a domestic employed for general work in the house and in the kitchen by Mrs. Garren, who hired, paid and directed what help she had. She bought and paid for her own supplies, kept a separate bank account and did not share any proceeds with her husband. Anna Johnson testified that Mrs. Garren hired her and paid her; that she received her orders and directions from Mrs. Garren; that Garren did not give her any orders and that she did no work in his place. Garren testified that he did not hire or pay for any help for the dining room; that he and his wife had separate bank accounts and that their bills were separate. He said that he served sandwiches in his place, and that the meat for them was purchased by himself and kept in a separate ice-box in his place. There was no mixing of money nor any agreement to share profits.

Anna Johnson claimed compensation for an injury by reason of an accident arising out of and in the course of her employment. She said that she cut her right thumb with a knife while cutting vegetables at 7:00 o'clock P. M., July 21, 1927, Thursday. She claims that the injury resulted in the loss of the first joint of her thumb on October 15, 1927.

There is much contradiction in the evidence as to whether claimant cut her finger in the course and scope of her employment, as the result of which, by reason of infection, she lost a portion of her thumb, or whether the loss was occasioned by an infection from a felon or a boil on her thumb. In the view which we take of this case it is not necessary to consider and decide this question. The claimant testified that there was no electrical machinery or power machinery in the Garren home, but that there were all kinds of knives and cleavers and things like that to use in the kitchen. She said there were four regular butcher's cleavers and saws there and a meat-grinder. Mrs. Garren testified that there was a small ice-box in the kitchen—not a mechanical ice-box; that there were not four cleavers and saws; that she had one little meat saw and a family cleaver in the home and that they were not acquired for running a restaurant. She said there were no instruments in her kitchen other than in an ordinary home kitchen. Garren said that he did not know a great deal about the kitchen, but there was only one meat cleaver. He testified that in his place (the soft drink parlor) there was no machinery or gas, no soda fountain, no carbonated water tanks, no dish or glass-washing machines, no power ice-box, and that the claimant had nothing to do in his place. Helen Stack testified that there were not four cleavers in the kitchen—just one; that there was an ice-box, a stove, a sink and two tables. She said that meat was never ground there and that there was no meat-grinder.

The evidence shows conclusively that Anna Johnson was not an employee of William Garren. It also failed to show that any of the parties were under the Workmen's Compensation act. The judgment of the circuit court must therefore be reversed. *Judgment reversed.*