(No. 21422.—

JOSEPHINE THERIEN, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GEORGE CARTER, Defendant in Error.)

*Opinion filed December 23, 1932—Rehearing denied Feb. 8, 1933.*

HOMER R. HOPPS, and MONTGOMERY J. ATKINSON, for plaintiff in error.

McKENNA, HARRIS & SCHNEIDER, (MARGUERITE RAEDER GARIEPY, of counsel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error, George Carter, received an injury on December 1, 1930, while employed as janitor for plaintiff in error. The injury was occasioned by a large piece of coal which fell onto his left foot. He filed a claim under the Workmen's Compensation act and was awarded compensation by the arbitrator on hearing. This award was sustained by the commission and later confirmed by the circuit court of Cook county. The cause is here on writ of error.

The only issue presented here is whether plaintiff in error is subject to the Workmen's Compensation act because engaged in an enterprise or business which is by that act declared to be extra-hazardous.

The plaintiff in error conducts a nursing home for the care of convalescing invalids, aged persons and mild mental

cases. The building is in two parts, having in all about forty rooms. Two steam-heating plants heat the building. One kitchen furnishes the food service. There is no dining room, as all food is served on trays in the rooms of the patients. In the kitchen are the utensils usually found in an ordinary kitchen, including knives for cutting roasts and paring vegetables and the usual dull knives for service purposes. The kitchen has no ventilator. There is no power ice box, no elevator and no power equipment of any kind in the building. Plaintiff in error does not have a license for operating a hospital and no surgical operations are performed in the building. Plaintiff in error does the interior decorating from time to time as it is needed. The nursing home is not a charitable institution.

While defendant in error filed no brief, it is evident that his claim is based either on paragraph 1 of section 3 of the Workmen's Compensation act, which provides that the act shall automatically apply to employers engaged in an enterprise or business as follows: "The erection, maintaining, removing, remodeling, altering or demolishing of any structure," etc., or on paragraph 7½ of section 3, which applies to an enterprise or business as follows: "Any enterprise in which sharp-edged cutting tools, grinders or implements are used," etc.

Plaintiff in error argues that facts herein recited show that she was not engaged in the enterprise or business of maintaining a structure under paragraph 1 of section 3. This language of section 3 was considered in *Walsh* v. *Industrial Com.* 345 Ill. 366, where it was construed to mean the business of holding and keeping a structure in repair. The term "business" was construed to mean an employment which occupies a substantial portion of the time and attention of one engaged in it. In *Uphoff* v. *Industrial Board,* 271 Ill. 312, it was held this provision of the act does not apply to maintaining or repairing a dwelling house when such is neither the occupation, enterprise or business

of the owner. In this case the only thing done by plaintiff in error which bore any semblance to repair or maintenance of the building was the interior decoration of the rooms of the building. Such re-decoration was but an incident to the business of conducting the nursing home. It cannot be said to bring the plaintiff in error within the statute relating to the business or enterprise of maintaining a structure, as provided in paragraph 1 of section 3. Nor did plaintiff in error come within the purview of paragraph 7½ of section 3. The only sharp-edged cutting tools were those knives used for the purpose of cutting roasts which are ordinarily found in a private home. Such tools do not come within the purview of section 3 as sharp-edged cutting tools, grinders or implements. (*Garren* v. *Industrial Com.* 340 Ill. 95.) No other appliances of the character described in the act were in use in the nursing home.

Where, as here, the employer has not elected to come under the Workmen's Compensation act it is necessary to determine from the character of the business or occupation of such employer whether that act may be applied. There is no substantial dispute in the evidence. Plaintiff in error's business was caring for sick and aged persons, and in conducting that business she employed attendants who waited on the patients, a janitor to care for the building, a dishwasher and a cook. Such business or enterprise does not come within the provisions of the Workmen's Compensation act, and that act therefore creates no liability. The circuit court therefore erred in confirming the award, and the judgment of that court must be reversed and the cause remanded, with directions to set aside the award.

*Reversed and remanded, with directions.*