(No. 28619.—

RUTH WILL MUELLER, Appellant, *vs.* ELM PARK HOTEL COMPANY, Appellee.

*Opinion filed September 19, 1945—Rehearing denied Nov. 15, 1945.*

HYMAN SMOLLER, and MARION J. HANNIGAN, (WEN-
DELL H. SHANNER, GEORGE W. ANGERSTEIN, and CHARLES
WOLFF, of counsel,) all of Chicago, for appellant.

HINSHAW & CULBERTSON, (OSWELL G. TREADWAY,
of counsel,) both of Chicago, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This case is here on leave to appeal granted to review
the judgment of the Appellate Court for the First District.
In the trial court, the superior court of Cook county, a
verdict was returned in favor of appellant, who was the
plaintiff in the case. A motion for judgment notwithstand-
ing the verdict was denied. After requiring a substantial

remittitur the trial court overruled an alternative motion for a new trial. Judgment in favor of the plaintiff was entered on the verdict. The Appellate Court reversed the judgment of the trial court without remanding the cause.

Appellee, Elm Park Hotel Company, was engaged in the operation of a hotel. One of the ground-floor rooms in the hotel was leased by it to Julia Orszulak, in which she operated a coffee shop. Appellant was employed by Julia Orszulak as a waitress in the coffee shop. She lived in a room in the hotel. Her hours of work were irregular. When requested by her employer to assist in serving breakfast, she would report for duty at 6:30 A. M. If she was not requested by her employer to assist in serving breakfast, she would report for duty at 9 or 10 o'clock in the morning. On the day in question she reported for work at 6:30 A. M. She worked until about 10 o'clock. She then went to her room in the hotel where she remained until about noon, when she returned to the coffee shop. At that time an employee of the hotel company was engaged in repairing the floor in the coffee shop. Because of the repairs being made, a notice was placed on the front door of the coffee shop that it was closed for repairs. She and her employer then sat down at a table some eight or ten feet distant from the place where the workman was engaged in repairing the floor. While seated in this position, a piece of steel broke off from the head of a hatchet which the carpenter was hammering with a hammer. The flying piece of steel struck and was imbedded in appellant's instep. This is alleged to have resulted in the injuries complained of.

The second amended complaint, on which the case was tried, alleged that appellant was on the premises of the hotel company as an invited guest. The complaint was an ordinary complaint based on common-law negligence. To this complaint appellee filed an answer. By the answer, after denying the allegations of the complaint, it

alleged as a special defense that appellant was employed by Julia Orszulak and that both appellant and her employer, at the time of the accident, were subject to the provisions of the Workmen's Compensation Act. It further alleged that appellee was also comprehended within and bound by the provisions of that act; that the injuries received by appellant arose out of and in the course of her employment; that her only right of action was under the Workmen's Compensation Act against her employer, and that she could not maintain the action against appellee. A reply was filed to the answer, denying the allegations contained in the special defense. Upon the issues thus made, the cause was tried by a jury. The court submitted to the jury a special interrogatory as to whether the injuries to appellant arose out of, and in the course of, her employment. This interrogatory was answered in the negative by the jury.

The Appellate Court found that the only question necessary for it to consider was whether the remedy of the plaintiff was by an action at law or under the compensation act. It held that the burden was on appellant to prove that she and her employer were not under the compensation act or that the injuries did not arise out of and in the course of her employment. It found that she had not sustained that burden by competent evidence and for that reason it reversed the judgment of the trial court without remanding the cause. Inasmuch as this is the only question passed upon by the Appellate Court, it is necessarily the only question presented to this court for review. We think the Appellate Court erred in its conclusion on this question. The record contains no evidence whatever even tending to show that appellant and her employer were under and subject to the provisions of the Workmen's Compensation Act. There is no proof that they were engaged in an extra-hazardous occupation which would subject appellant to the provisions of the compensation act automatically,

or that her employer had elected to be bound by the provisions of said act.

There was evidence offered concerning the character of the business in which appellant and her employer were engaged. It was shown that there were ordinary knives, coffee percolators, electric refrigerators and other utensils and implements used in the coffee shop, such as are ordinarily found in private homes. It was shown by undisputed evidence that there were no meat grinders, food choppers or other electric or power-driven appliances or equipment or other mechanical devices used in the coffee shop. The evidence was wholly insufficient to show that appellant and her employer were under the act. (*Therien* v. *Industrial Com.* 351 Ill. 166; *Garren* v. *Industrial Com.* 340 Ill. 95.) It is argued, however, by appellee, that there were certain ordinances of the city of Chicago requiring that restaurants be licensed, regulating certain equipment therein, and regulating the use of refrigerators. These ordinances, however, were not offered in evidence, nor is any reference to such ordinances found anywhere in the record, except in the argument of appellee. It is apparent that this is purely an afterthought. Such regulations as are asserted in the argument to be contained in the ordinances referred to were wholly insufficient to bring the coffee shop, as a business, within the provisions of clause 8 of section 3 of the Workmen's Compensation Act. (Ill. Rev. Stat. 1943, chap. 48, par. 139.) Those provisions of the compensation act apply only to an enterprise in which statutory or municipal-ordinance regulations are imposed for the protection and safeguarding of employees or the public therein. They refer to such regulations for the protection and safeguarding of employees or the public against accidental injuries or death. They do not refer to regulations of the character of those mentioned in the argument of appellee. (*Bowman Dairy Co.* v. *Industrial Com.* 292 Ill. 284; *City of Rock Island* v. *Industrial Com.* 287 Ill.

76; *Dietrich* v. *Industrial Board,* 286 Ill. 50.) There was, therefore, no evidence even tending to show that appellant was engaged in an extra-hazardous occupation within the terms of the compensation act, or that her employer had elected to be bound by the provisions of the act.

But it is contended by appellee, and the Appellate Court so held, that the burden was on the plaintiff to show that she was not under the act. This is a misapprehension. As sustaining this contention, the appellee cites and relies upon *Stevens* v. *Illinois Central Railroad Co.* 306 Ill. 370. But that case is not authority for the contention made. The rule there announced is that where it appears from the complaint or the evidence that the plaintiff was employed in an extra-hazardous occupation which is automatically under the act, and also that the defendant was engaged in an extra-hazardous occupation, which would *prima facie* make it automatically subject to the provisions of the act, the burden is on the plaintiff to show either that the defendant causing the injury was not under the act or that the injury did not arise out of and in the course of the employment of the plaintiff. In the *Stevens case,* it appeared from both the pleadings and the evidence that the plaintiff, at the time of his injury, was employed in a business covered by the act, and that the defendant was engaged in a business which would *prima facie* automatically subject it to the provisions of the act, unless it was engaged in interstate commerce at the time complained of. In this situation it was necessary for the plaintiff to show either that the defendant was not at that particular time bound by the provisions of the act, or that the injury did not arise out of and in the course of his employment.

In this case, it may be said that the allegations of the complaint show that appellee was engaged in an extra-hazardous occupation which made it automatically subject to the provisions of the act. It was engaged in the operation and maintenance of a hotel and hotel building. It did

not, however, appear from the amended complaint that the plaintiff was under the act. Under this state of the pleadings, it was not necessary for appellant to either aver or prove facts showing that she was not under the act, in order to maintain a suit at law against appellee. Section 29 of the compensation act only prohibits suits against those who are under the act, by those who are likewise bound by its provisions. There is nothing whatever in the complaint to indicate that appellant and her employer were engaged in an extra-hazardous occupation which would automatically bring them within the provisions of the act, or that her employer had elected to be bound by the act. Under the complaint, therefore, no issue was tendered as to whether the appellant and her employer were or were not under the compensation act.

In *O'Brien* v. *Chicago City Railway Co.* 293 Ill. 140, we said: "If the declaration contains averments from which it may be concluded that the plaintiff and his employer are under the act, as where the averments of employment are such as to presumptively show them to be under the act, the declaration will be construed as averring that the plaintiff and his employer are bound by the act. In the absence of any averments amounting to such a statement, courts cannot take judicial notice that the plaintiff and his employer were so bound. When the declaration contains no averment which will bring the plaintiff under the Workmen's Compensation Act that act has nothing to do with the case so far as the same is presented by the declaration."

The issue of whether or not appellant was under and bound by the provisions of the Workmen's Compensation Act was first brought into the case by the special defense set up in the answer to the complaint. In paragraph eleven of the answer, appellee alleged as a special defense that appellant and her employer and appellee were all under the act. It further alleged that the injuries arose out of and

in the course of appellant's employment. This was a special defense in bar to her action at law for the recovery of damages. Issues were joined on the special defense by the reply thereto. On these issues the burden was on the defendant. It failed to offer any proof or to develop any facts on cross-examination of the witnesses for appellant to sustain the averment in the answer that plaintiff and her employer were under the act. In view of this, the further issue tendered by the special defense, that the injuries arose out of and in the course of appellant's employment, became wholly immaterial. Also, the question of whether appellant was on duty and engaged in her employment at the time the injuries were received was immaterial. Without proof that appellant was under the act, these issues had no place in the case.

Appellee, however, argues that inasmuch as it was alleged in the complaint that appellant was on the hotel premises as an invited guest, this amounted to an averment that she was not under the compensation act. From this it is argued that the burden was on her to prove that she and her employer were not under the act. This is a misapprehension. The premise and the conclusion are both wrong. In order for appellee to sustain its special defense, the burden was on it to show not only that it was under the act, but that appellant and her employer were likewise under the act, and that the injuries sustained by appellant arose out of and in the course of her employment. This it wholly failed to do.

Appellee also argues in this court that inasmuch as appellant did not argue, in the Appellate Court, the question whether she was under the compensation act, she cannot urge that she was not under the act on review in this court. This too is a misapprehension on the part of counsel. The rule is that on review of an Appellate Court judgment in this court, on the appeal of the party who was appellant in that court, questions which were not raised and argued by him in the Appellate Court cannot be raised or argued for

the first time in this court. This rule is based on the fact that the party who was the appellant in the Appellate Court made the issues in that court by his assignments of error and his arguments in that court, and he cannot raise new questions in this court. This rule, however, does not apply to the party who was appellee in the Appellate Court, because he had nothing to do with making the issues in that court. He is only required to defend against the questions raised and the issues presented by the appellant in that court. Where the trial court is reversed by the Appellate Court and the appellee in that court brings the case here for further review, he may raise any questions properly presented by the record to sustain the judgment of the trial court, even though those questions were not raised or argued in the Appellate Court. He may sustain the judgment of the trial court upon any ground justified by the record, regardless of the fact that such questions were not presented to and passed upon by the Appellate Court. The rule relied upon has no application to this case: *Hazel* v. *Hoopeston-Danville Bus Co.* 310 Ill. 38; *Becker* v. *Billings,* 304 Ill. 190; *Mulvihill* v. *Shaffer,* 297 Ill. 549.

The Appellate Court erred in holding that the burden was on appellant to show that she was not under the compensation act and that she had failed to discharge that burden. On the contrary, the burden was on appellee, under the special defense pleaded, to show that appellant was subject to the provisions of the compensation act. This it wholly failed to do. Appellee having failed to prove such defense, the action was not barred by section 29 of the Workmen's Compensation Act, and the question whether the injuries arose out of, and in the course of, the employment became wholly immaterial.

The judgment is reversed and the cause is remanded to the Appellate Court, with directions to consider the other errors assigned in that court.

*Reversed and remanded, with directions.*