(No. 31088.

FLORENCE J. VICTOR, Admx., Appellant, *vs.* WILLIAM L. DEHMLOW, Admr., *et al.,* Appellees.

*Opinion filed January 18, 1950—Rehearing denied March 20, 1950.*

ROYAL W. IRWIN, and JAMES A. DOOLEY, both of Chicago, for appellant.

HINSHAW & CULBERTSON, of Chicago, (OSWELL G. TREADWAY, of counsel,) for appellees.

. Mr. JUSTICE GUNN delivered the opinion of the court:

Florence J. Victor, as administratrix of the estate of Harry Philip Victor, brought a common-law suit in the superior court of Cook County against William A. Dehmlow and William L. Dehmlow. The complaint was based upon an accident occurring at a street crossing, wherein William L. Dehmlow, a son of William A. Dehmlow, drove and operated a truck down the streets of the city of Chicago in such a manner as to strike Harry Victor, and so injured him that he died from the effect thereof. It is alleged that William A. Dehmlow was conducting a cleaning and dyeing business, and that William L. Dehmlow, his minor son of the age of eighteen years, was driving a truck containing garments which had been picked up from customers, to be delivered back to the cleaning place, and that William A. Dehmlow was operating the truck in ques-

tion through his agent, William L. Dehmlow, and that the negligence of the driver of the truck resulted in the death of Harry P. Victor.

The defendants' answer, after denying any negligence, avers that the plaintiff was barred from maintaining the common-law action by reason of section 29 of the Workmen's Compensation Act. (Ill. Rev. Stat. 1947, chap. 48, par. 166.) Defendants claim that the business of the defendant William A. Dehmlow brought him automatically under the provisions of section 3 of the Compensation Act, (Ill. Rev. Stat. 1947, chap. 48, par. 139,) and that the son was in his employ or rendering service for him, and that the employer of the plaintiff's intestate was operating under the provisions of the Workmen's Compensation Act, and that the plaintiff's intestate was killed in the course of his employment whereby, by operation of the provisions of said section 29, the common-law action upon the part of the plaintiff was entirely barred, and the remedy if any was under the Compensation Act, and the right to sue or to recover from the Dehmlows was subrogated to Victor's employer. William A. Dehmlow died before the suit was tried, and his administrator substituted as defendant.

The plaintiff replied that Victor was not killed by an accident arising out of and in the course of his employment; that William L. Dehmlow, the driver of the truck, was not an employee of his father, William A. Dehmlow, and since he was not an employee the cause of action as to him was not affected by the provisions of the Compensation Act.

It seems to be conceded that Victor's employer and Victor himself were subject to the provisions of the Compensation Act, and that William A. Dehmlow was bound by the terms of the act, but it is not admitted that Harry Victor lost his life through an accident that arose out of and in the course of his employment. And it is further denied that there is any evidence in the record that suffi-

ciently shows that William L. Dehmlow was an employee of William A. Dehmlow. The trial resulted in a judgment in favor of the plaintiff against both defendants, which was reversed by the Appellate Court, with directions to enter a judgment in favor of the defendants. We have allowed an appeal to this court.

The first question arises as to where lies the burden of proof in a case where the defense is made to a common-law action that recovery may not be had by reason of the facts coming within the provisions of section 29 of the Workmen's Compensation Act. The limitations of section 29 were thoroughly discussed in *O'Brien* v. *Chicago City Railway Co.* 305 Ill. 244, and the different situations which might arise under this section of the act analyzed. Thus, the third situation is set out: "(3) that the common law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment where such other person is not bound by the provisions of the Workmen's Compensation Act is not affected by the act but is preserved in its full extent to the employee; * * * (5) that in cases of negligent injury caused by a person not bound by the act, the injured employee is not put to his election between compensation under the statute and damages at common law but may prosecute the common law action and the statutory claim for compensation at the same time." After declaring the law applicable to employees under different situations which might arise, the court, in commenting upon the particular case before it, said: "The plaintiff's right of action was not founded on the Workmen's Compensation act but on the common law, and if the defendants had any defense under that act it was incumbent on them to plead it, or if it was admissible under the general issue it might be proved without a special plea. It was not incumbent on the plaintiff to anticipate it and meet it by a denial or avoidance." Thus, it was incumbent upon the defendants in this

case to bring themselves and Victor within the provisions of section 29 of the Workmen's Compensation Act by pleading such defense, which necessarily placed upon the defendants the burden of establishing facts alleged in their answer.

In *Mueller* v. *Elm Park Hotel Co.* 391 Ill. 391, where a defense was made similar to the one here, we said: "The issue of whether or not appellant was under and bound by the provisions of the Workmen's Compensation Act was first brought into the case by the special defense set up in the answer to the complaint. In paragraph eleven of the answer, appellee alleged as a special defense that appellant and her employer and appellee were all under the act. It further alleged that the injuries arose out of and in the course of appellant's employment. This was a special defense in bar to her action at law for the recovery of damages. Issues were joined on the special defense by the reply thereto. On these issues the burden was on the defendant." We applied the rule in the *Mueller* case in *McManaman* v. *Johns-Manville Products Corp.* 400 Ill. 423, where the provisions of section 29 were invoked as a defense, but because the defendant offered no proof on the issue raised by this defense we affirmed the action of the trial court in striking the special defense so pleaded.

The allegation in the answer that Victor was in the course of his employment at the time of his injury and death was also necessary, and since section 29 provides for subrogation in favor of the employer in cases "where compensation is payable by the employer" where the accident or injury was caused by a third person, so it necessarily follows that if the accident did not occur to Victor in the course of, or arising out of, his employment, said section 29 would have no application because his death was not compensable under the act, and the common-law remedy of the parties was not disturbed. Therefore, a defendant in invoking the provisions of section 29 as a defense would be required to plead,

and have the burden of proving, that the plaintiff was injured or killed by an accident arising out of and in the course of his employment.

It thus became incumbent upon defendants to prove by a preponderance of the evidence that: (1) Harry P. Victor at the time he was killed was in the course of his employment, and that the accident arose out of his employment; and (2) that both William A. Dehmlow and William L. Dehmlow were within the terms of the Workmen's Compensation Act. If there was a failure to establish either of these elements, the plaintiff was entitled to maintain her common-law action.

There is no doubt that the employer of Harry Victor was operating under the Workmen's Compensation Act. This fact, alone, is not sufficient to establish the defense set out in the answer. The employee of such employer, to be barred from maintaining a common-law action, must be injured or killed during the course of his employment and while doing work arising out of his employment. In the instant case it is vigorously asserted there was evidence that Harry Victor at the time of his injury and death was not crossing the street in the course of his employment. The facts show that the accident happened on Saturday about 1:00 or 1:05 P.M., while the deceased was crossing Western Avenue. Victor was a seller of phonograph records, and the evidence showed he worked five and one-half days a week, but that when he had work he would continue with the same through Saturday afternoon, or any other time, in addition to the regular work week. The deceased was carrying a brief case containing phonograph records, which were broken by the impact of the car striking his body. It does not appear from the evidence whether Victor was on his way home, or whether he was on his way to interview a customer. The strongest evidence indicating he was in the course of his employment is an application for the adjustment of a claim under the Workmen's Com-

pensation Act, but there is no proof in the record that the claim was ever adjusted or settled. A special interrogatory was submitted to the jury, *viz.,* "Do you find the death of the deceased arose out of and in the course of his employment," and was answered "No."

On the question of whether William L. Dehmlow was an employee of his father the evidence is not satisfactory. The mother testified that the son helped his father after school; that her husband had a truck that was used in the business of making deliveries, and that the boy (William L.) went with the truck on a call to pick up some garments. He was a high-school student at the time. No social security was paid for him. The son was supported by his father, but the son was not called as a witness, and the father was dead at the time of the trial.

Upon these facts, which do not seem to be disputed, we have presented two legal questions: (1) Is there any evidence in the record tending to prove the plaintiff's intestate was not killed in the course of his employment? (2) If there is no evidence to prove such fact, was William L. Dehmlow within the provisions of the Workmen's Compensation Act as an employee or one rendering services to an employer within the definition of the act? The reversal of the case by the Appellate Court upon the ground that all the parties were within the provisions of section 29 necessarily implies not only that the plaintiff's intestate was killed in the course of his employment, but that William L. Dehmlow was also an employee at the time of the accident, acting within the scope of his employment.

It seems clear to us that the Appellate Court placed a burden upon the plaintiff which was, in fact, upon the defendants. The statement is made in the opinion "There is no proof tending to show that at the time of the occurrence plaintiff's intestate was performing any mission of his own." It was not incumbent upon the plaintiff to make proof of this fact. The burden was upon the defendants

to prove that the plaintiff was in the course of his employment and was injured by a risk arising out of that employment. If there was no evidence establishing this fact, then the defendants could not prevail on this defense.

Ordinarily, the findings of fact by the Appellate Court are not reviewable by this court, but there is an exception where the admitted facts present a question of law for our decision. (*Gnat* v. *Richardson*, 378 Ill. 626.) In the present case the Appellate Court reversed a judgment in favor of the plaintiff entered in the trial court. In order to do so upon the grounds set out it had to find the proof of the defendant established the matters set forth in its special plea. The situation from a legal standpoint is the same as that of a trial judge entering judgment notwithstanding the verdict. In such a case the rule is that all of the evidence favorable to the plaintiff upon the issues involved should be considered as true, and if there is any evidence sustaining plaintiff's case such a motion should be denied. (*Peters* v. *Peters*, 376 Ill. 237; *Burns* v. *City of Chicago*, 338 Ill. 89; *Rack* v. *Chicago City Railway Co.* 173 Ill. 289.) So, in the case before us, the Appellate Court should not hold that such an issue had been established merely because there was no evidence tending to show that the plaintiff°was not "performing any mission of his own." If it be a fact that the plaintiff was not "performing any mission of his own" then he must have been injured in the course of his employment, thus making *lack of proof* that Victor was on his own *proof that he was still in the course of his employment.* This effectively requires of the plaintiff something which is required of the defendant.

We think it is unnecessary for us to analyze the testimony bearing upon this question. It is sufficient to say that there was some evidence tending to show that the plaintiff was not in the course of his employment or injured by a risk arising out of his employment. The Appellate Court nowhere makes mention of, or gives any weight to, the spe-

cial interrogatory answered by the jury finding that the accident did not occur in the course of, or arise out of, Victor's employment. While it is not said by the Appellate Court in so many words that the burden of proof was upon the plaintiff to establish the questions raised by the defendants' answer, yet, the purport of the opinion leads to the conclusion that is what was held. This is contrary to the rule adopted in *O'Brien* v. *Chicago City Railway Co.* 305 Ill. 244, and *Mueller* v. *Elm Park Hotel Co.* 391 Ill. 391.

Since the cause must be remanded, it is unnecessary to discuss at length the other point made that the minor son of William A. Dehmlow was not an employee as defined by section 5 of the act (Ill. Rev. Stat. 1947, chap. 48, par. 142,) any more than to call attention to the fact that being "an employee" is not the sole relationship upon which compensation may be allowed. The Workmen's Compensation Act does not limit compensation to employees "under a contract of hire." Section 4, (Ill. Rev. Stat. 1947, chap. 48, par. 141,) defining "employer," makes one such "who has any person in service or under any contract of hire," and who is engaged in any of the businesses enumerated in section 3 of the act. It seems there should be a reasonable distinction between "in service" and those who come within the definition of an "employee," where a contract of hire is a test of the relationship.

The answer specifically alleges that William A. Dehmlow and his agents and employees, including William L. Dehmlow, were bound by the provisions of the Workmen's Compensation Act. It then became incumbent for the defendants to establish this fact by proof. There is no evidence in the record that at the time of the accident William L. Dehmlow was engaged in any occupation or service for another, except the declaration of the mother, who, on cross-examination, conceded that she only had information from another, and William L. Dehmlow was not called as a witness. So, regardless of the legal question of whether

a minor son is in the service of, or an employee of, his father, the proof falls short of establishing such a defense as a matter of law.

There were several other questions raised in the assignments of error in the Appellate Court which were not passed upon by that court. In view of our decision that the Appellate Court has improperly applied the rule pertaining to the burden of proof in the present case, the judgment of the Appellate Court is reversed in the foregoing respects, and the cause remanded to the Appellate Court for the First District, with directions to proceed in conformity with this opinion and to consider the other errors assigned in that court.

*Reversed and remanded, with directions.*