(No. 33732.—

PETER ZELKOVICH, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN STANICH, Plaintiff in Error.)

*Opinion filed March 22, 1956.*

ARTHUR O. KANE, of Chicago, for plaintiff in error.

WILLIAM M. DOTY, and JOHN J. KAPOV, both of Chicago, for defendant in error.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiff in error, John Stanich, was awarded compensation by an arbitrator, under the Workmen's Compensation Act, and the award was sustained by the Industrial Commission. The circuit court of Cook County set it aside, and the cause is here on writ of error by leave of this court.

Stanich was employed as a janitor by Peter Zelkovich, who owned and operated a combination restaurant, tavern and liquor store. Stanich testified that June 14, 1952, about eight o'clock in the morning, he fell and struck the lower part of his back on the basement steps as he was carrying empty beer cases down the stairs. To reverse the judgment of the circuit court he contends (1) his employer was subject to the Workmen's Compensation Act because engaged in an extra-hazardous business, and (2) the findings of the Industrial Commission that he suffered injuries from an accident arising out of and in the course of his employment

are not against the manifest weight of the evidence. In the view we take of this case it is unnecessary to consider the latter question.

The contention that the employer's business is an extra-hazardous one is based on paragraph 7½ of section 3 of the act (Ill. Rev. Stat. 1951, chap. 48, par. 138.3), which declares to be extra hazardous "Any enterprise in which sharp edged cutting tools, grinders or implements are used, including all enterprises which buy, sell or handle junk and salvage, demolish or reconstruct machinery, * * *." The section provides that the act shall apply automatically and without election to all employers and all their employees engaged in businesses declared to be extra hazardous. Petitioner testified to the presence of butcher knives, a meat cleaver, two electric fans and an electric grinder and meat chopper. Both the employer and Anna Freeman, a cook employed on the premises, denied that there was an electric meat grinder.

In *Garren* v. *Industrial Com.* 340 Ill. 95, the employer's husband operated a soft drink parlor, with a bar and counter, in a building adjoining his home. His wife at times served meals in the dining room to transients. A domestic employed by her for general work in the house and kitchen claimed compensation from the husband and wife for an injury incurred by cutting her thumb with a knife while chopping vegetables. She testified to the presence of knives, saws, butcher's cleavers and a meat grinder. The employer admitted that there were a meat saw and a meat cleaver, but denied the presence of a meat grinder. We held the evidence failed to show the parties were under the Workmen's Compensation Act.

In *Therien* v. *Industrial Com.* 351 Ill. 166, the employer conducted a nursing home for the care of convalescing invalids, aged persons and mild mental cases. The kitchen contained knives for cutting roasts and paring vegetables, and the usual dull knives for service purposes.

A janitor employed in the establishment sustained an injury when a large piece of coal fell on his foot, and he filed a claim for compensation. In deciding the business did not come within the provisions of the act, we held that ordinary knives used for the purpose of cutting roasts do not come within the purview of section 3 as sharp-edged cutting tools, grinders or implements.

Decisions such as these show that paragraph 7½ is to be given a realistic interpretation; and that a literal application leading to absurd results will be rejected. The reasonable meaning of section 3 as a whole is that its provisions are designed only for employers engaged in occupations which are in fact extra hazardous. Its object is the better protection of employees exposed to greater danger by reason of their employment in such pursuits, but its provisions were not intended to apply where the danger of injury is not substantially greater than that which is present in any ordinary enterprise. To construe the section as applying to a restaurant with a meat grinder but not to one without a meat grinder would result in subjecting one employer to a greater liability than that imposed on other employers in the same occupation under essentially the same conditions. We think such a construction of the statute would not be a reasonable one. (See *Vaughan's Seed Store* v. *Simonini,* 275 Ill. 477.) It is the type of business, rather than a particular item of equipment occasionally present, that should determine its statutory classification. The danger arising from the use of ordinary butcher knives, meat cleavers, or meat grinders is too remote to warrant an interpretation rendering it "extra hazardous" within the meaning of the statute. See *Village of Niles Center* v. *Industrial Com.* 371 Ill. 622, 625.

To bring an employer within the provisions of section 3, it is encumbent upon the employee to show the use of sharp-edged tools, grinders or implements of a nature contemplated by the section as a whole. Almost every occu-

pation entails the use of sharp-edged cutting tools of some kind. A pair of scissors, a paring knife, or a pocket knife may each be described as a sharp-edged cutting tool, but the position could not be maintained that its use makes extra hazardous an otherwise innocuous enterprise. The rule is well established that in construing a statute the courts are not confined to its literal meaning. A thing within the letter is not within the statute if it is not within the intention. (*Bowman* v. *Industrial Com.* 289 Ill. 126.) Courts are bound to presume that absurd consequences were not contemplated by the legislature, and a construction should be adopted which it is reasonable to presume was contemplated. *Burns* v. *Industrial Com.* 356 Ill. 602; *Patterson Pure Food Pie Co.* v. *Industrial Com.* 335 Ill. 476; *Louisville and Nashville Railroad Co.* v. *Industrial Board,* 282 Ill. 136.

We conclude the petitioner in the case at bar failed to show his employer was engaged in an extra-hazardous business subjecting him to the automatic application of the Workmen's Compensation Act. The circuit court rightly set aside the award, and the judgment of that court is therefore affirmed.

*Judgment affirmed.*