Fifth Division

Filed: 11/09/00

No. 1-98-3709

BOARD OF EDUCATION OF COMMUNITY )   Appeal from the Circuit

CONSOLIDATED SCHOOL DISTRICT No. 59, )   Court of Cook County

)

Plaintiff-Appellant, )

)

)

)   No. 98 CH 09609

ILLINOIS STATE BOARD OF EDUCATION, )

JOSEPH A. SPAGNOLO, in his official capacity as )

State Superintendent of Education, and BOARD OF )

DIRECTORS OF THOMAS JEFFERSON )

CHARTER SCHOOL FOUNDATION, )   Honorable

)   Thomas A. Hett,

Defendants-Appellees. )   Judge Presiding.

JUSTICE ZWICK delivered the opinion of the court:

The Thomas Jefferson Charter School Foundation (the Foundation) sought to establish a charter school within Community Consolidated School District No. 59 (District 59).  Pursuant to the Charter Schools Law (105 ILCS 5/27A-1 
et
 
seq
. (West 1996 and 1997 Supp.)), the Foundation submitted its charter proposal for approval.  District 59 rejected the proposed charter based upon a determination that the proposal contained inadequate financial and facility plans.  The Foundation thereafter sought review by the Illinois State Board of Education (State Board).  Following review and recommendations by a Staff Appeal Panel, the State Board issued a final administrative decision which reversed the decision of the local school board for District 59.  District 59 thereafter sought administrative review in the circuit court of Cook County.  The circuit court affirmed the decision of the State Board, and District 59 brought the instant appeal.  For the reasons that follow, we affirm the State Board's decision.

The relevant facts established by the administrative record reflect that 
on February 6, 1998, the Foundation submitted a charter school proposal to District 59, seeking to establish the Thomas Jefferson Charter School pursuant to the Act.
(footnote: 0)  In accordance with the Act, the proposal included the 15 factors which are mandated in the statute.  105 ILCS 5/27A-7(a)(1 through 15) (West 1996 and 1997 Supp.).  After holding two public meetings to allow community input and to obtain additional information from the Foundation, District 59 denied the Foundation's proposal at its March 23, 1998, meeting.  Specifically, District 59 determined, 
inter
 
alia
,  that the proposal did not conform with the Act because it (1) lacked an adequate budget demonstrating that the terms of the proposed charter were economically sound, and (2) failed to identify two sites that were potentially available as a charter school facility by the time the school was to open.  The Foundation filed a timely appeal of this decision to the State Board.

On May 18, 1998, the Staff Appeal Panel for the State Board heard arguments regarding the Foundations' appeal.  Upon consideration of this appeal, the panel issued its written findings.  In those findings, the Staff Appeal Panel rejected each of the concerns raised by District 59.  Specifically, the Staff Appeal Panel determined that the proposal met the minimum statutory requirement because it contained a description of and address for at least two locations that were potentially available for the school facility.  In addition, the panel rejected the district's assertion that the proposal did not include an adequate budget demonstrating that the terms of the proposed charter were economically sound for both the school and the district.  Although the budget contained in the proposal covered only four of the five years in the proposed charter, the Staff Appeal Panel concluded that the proposal was in substantial compliance with the statutory requirement.

The Superintendent for the State Board subsequently adopted the findings of the Staff Appeal Panel in their entirety.  The Superintendent concluded that the proposal substantially complied with the Act, and he recommended that the charter be granted as long as the Foundation submitted a viable facility plan and an updated budget.  The Superintendent also found that if these two conditions were met, the issuance of the charter would be in the best interests of the students it was intended to serve.  The State Board accepted the conclusions and recommendation of the Superintendent and reversed the decision of District 59 on condition that the Foundation submitted a viable facility plan and an updated budget 30 days prior to the opening of the school.

District 59 filed a complaint for administrative review, and the circuit court affirmed the ruling by the State Board.  District 59 thereafter filed the instant appeal, challenging the final administrative decision by the State Board.

On appeal, District 59 contends that (1) the State Board lacked statutory authority to conditionally reverse the denial of the Foundation's charter proposal, and (2) the decision of the State Board was against the manifest weight of the evidence.

In deciding the first issue, we examine the power conferred upon the State Board in the Charter Schools Law (the Act) (105 ILCS 5/27A-1 
et
 
seq
. (West 1996)). Purely legal issues, such as statutory construction, are reviewed 
de
 
novo
.  
Board of Education of Community High School District No. 155 v. Illinois Educational Labor Relations Board
, 247 Ill. App. 3d 337, 344, 617 N.E.2d 269 (1993).  Where the authority of an administrative body is in question, the determination of the scope of its power and authority is a judicial function which is decided as a matter of law.  
People ex rel. Thompson v. Property Tax Appeal Board
, 22 Ill. App. 3d 316, 321, 317 N.E.2d 121 (1974).  Accordingly, we review 
de
 
novo
 the question of whether the State Board had the statutory authority to reverse the decision of District 59.

The purposes and goals of the Act include encouraging innovative and alternative means of education in Illinois' public schools, increasing learning opportunities for all pupils, providing parents and pupils with expanded choices within the public school system, and encouraging parental and community involvement with public schools.  105 ILCS 5/27A-2(b) (West 1996).  The Act specifically provides that its provisions are to be interpreted liberally to support the findings and goals of the Act.  105 ILCS 5/27A-2(c) (West 1996).  

Under the Act, a group wishing to form a charter school must submit a proposal to the local board of education, setting forth all of the details of the proposed charter school.  105 ILCS 5/27A-7 (West 1996).  The proposal must identify at least two sites that are potentially available as a charter school facility by the time the charter school is to open.  105 ILCS 5/27A-7(a)(3) (West 1996).  In addition, the proposal must contain a proposed budget, evidencing that the terms of the charter are economically sound for both the charter school and for the local school district.  105 ILCS 5/27A-7(a)(9) (West 1996).  After holding a public hearing, the local board votes to grant or to deny the charter.  105 ILCS 5/27A-8 (West 1996).

If a local board denies the proposed charter, the charter school proponents may appeal the decision to the State Board.  105 ILCS 5/27A-9(e) (West 1996).  The State Board may reverse the local board's decision if the State Board finds that the charter school or charter school proposal is in compliance with the Act and is in the best interests of the students it is designed to serve.  105 ILCS 5/27A-9(e) (West 1996).  Final administrative decisions of the State Board may be appealed to the courts.  105 ILCS 5/27A-9(e) (West 1996).

Administrative agencies, such as the State Board, exercise purely statutory powers and possess no inherent or common law powers.  
Newkirk v. Bigard
, 109 Ill. 2d 28, 37, 485 N.E.2d 321 (1985); 
Schalz v. McHenry County Sheriff's Department Merit Comm'n
, 113 Ill. 2d 198, 202, 497 N.E.2d 731 (1986).  Therefore, any authority the agency has to act must arise either from the express language of the Act, or by fair implication and intendment from those express provisions, as an incident to achieving the objectives for which the agency was created.  
Albazzaz v. Illinois Department of Professional Regulation
, 314 Ill. App. 3d 97, 104, 731 N.E.2d 787 (2000); 
City of Chicago v. Illinois Commerce Commission
, 294 Ill. App. 3d 129, 136-37, 689 N.E.2d 241 (1997).  Express legislative grants of powers or duties to administrative agencies include the power to do all that is reasonably necessary to execute those powers or duties.  
Lake County Board of Review v. Property Tax Appeal Board
, 119 Ill. 2d 419, 427, 519 N.E.2d 459 (1988); 
Smith v. Department of Professional Regulation
, 202 Ill. App. 3d 279, 289, 559 N.E.2d 884 (1990).  Where the legislature has granted to the State Board the authority, express and implied, necessary to effectively carry out and accomplish the objectives of the Act, the provisions of the Act should be construed accordingly.  See 
Phoenix Bond and Indemnity Co. v. Pappas
, 309 Ill. App. 3d 779, 784, 723 N.E.2d 280 (1999); 
O'Grady v. Cook County Sheriff's Merit Board
, 260 Ill. App. 3d 529, 535, 632 N.E.2d 87 (1994).

In the instant case, the authority of the State Board to reverse the decision of District 59 may be implied from the terms of the Act.  See 
Gersch v. Illinois Department of Professional Regulation
, 308 Ill. App. 3d 649, 658-59, 720 N.E.2d 672 (1999); 
O'Grady
, 260 Ill. App. 3d at 536.  The purposes and goals of the Act include encouraging innovative and alternative means of education in Illinois' public schools, increasing learning opportunities for all pupils, providing parents and pupils with expanded choices within the public school system, and encouraging parental and community involvement with public schools.  The Act specifically provides that its provisions are to be interpreted liberally to support its findings and goals.  

Liberal statutory construction signifies an interpretation which produces broader coverage or more inclusive application of statutory concepts.  See 
Petition of K.M.
, 274 Ill. App. 3d 189, 194, 653 N.E.2d 888 (1995).  Liberal construction is ordinarily one which makes a statute apply to more things or in more situations than would be the case under strict construction.   
Petition of K.M.
, 274 Ill. App. 3d at 194.  "'[L]iberal construction' means to give the language of a statutory provision, freely and consciously, its commonly, generally accepted meaning, to the end that the most comprehensive application thereof may be accorded, without doing violence to any of its terms."  
Petition of K.M.
, 274 Ill. App. 3d at 194-95, quoting 
Maryland Casualty Co. v. Smith
, 40 S.W.2d 913, 914 (Tex. Civ. App. 1931).  Statutes should be interpreted so that the manifested purpose or object of the statute can be accomplished.  
Petition of K.M.
, 274 Ill. App. 3d at 195; citing 
Pullman Co. v. Cummins
, 10 Ill. 2d 454, 463, 140 N.E.2d 713 (1957).  Thus, a statute is liberally construed when its letter is extended to include matters within the spirit or purpose of the statute.  
Petition of K.M.
, 274 Ill. App. 3d at 195, citing 
Zelkovich v. Industrial Commission
, 8 Ill. 2d 146, 150, 133 N.E.2d 300 (1956); 
In re Estate of Abell
, 395 Ill. 337, 346, 70 N.E.2d 252 (1946); 
Karlson v. Murphy
, 387 Ill. 436, 443, 56 N.E.2d 839 (1944).

We review the State Board's action in light of the express statutory mandate that the provisions of the Act be given a liberal construction to support its findings and goals.  The provisions of the Act must be construed to vest the State Board with the authority necessary to effectively carry out and accomplish the objectives of the Act.  As noted above, the Act was enacted to encourage innovative and alternative means of education in Illinois' public schools, increase learning opportunities for all pupils, provide parents and pupils with expanded choices within the public school system, and encourage parental and community involvement with public schools.  To that end, the Act gives the State Board the explicit power to reverse the decision of a local school district upon a finding that the charter proposal is in compliance with the Act and is in the best interests of the students it is designed to serve.  105 ILCS 5/27A-

9(e) (West 1998).

We find that, by fair implication and intendment from that express provision which must be construed liberally, the Board is authorized to reverse the denial of a charter upon a finding that the proposal substantially complies with the Act and that the approval of the charter would be in the best interests of the students if certain conditions are met within a specified time period.  Accordingly, we hold that the State Board had the statutory authority to reverse the decision of District 59 on condition that the Foundation submit a viable facility plan and an updated budget.

District 59 also seeks reversal of the State Board's decision, arguing that it was against the manifest weight of the evidence.  However, in accordance with the supreme court's decision in 
City of Belvidere v. Illinois State Labor Relations Board
, 181 Ill. 2d 191, 204, 692 N.E.2d 295 (1998), we find that the appropriate standard of review is whether the Board's decision was clearly erroneous.  Where review of an administrative agency's findings present a mixed question of law and fact, the appropriate standard is whether the decision was clearly erroneous.  
City of Belvidere
, 181 Ill. 2d at 205.  This standard falls between the standard that applies to pure questions of law and that applying to pure questions of fact, "so as to provide some deference to the [agency's] experience and expertise."  
City of Belvidere
, 181 Ill. 2d at 205.

In the instant case, review of the State Board's decision involves a mixed question of fact and law.  The Board's finding is, in part, factual because it requires consideration of whether the establishment of a charter school by the Foundation is in the best interests of the students it is intended to serve.  Yet, the Board's finding also concerns a question of law because it requires consideration of whether the terms of the proposal were sufficient to establish compliance with the Act.  Consequently, we must determine whether the State Board's reversal of District 59's decision was clearly erroneous.  
City of Belvidere
, 181 Ill.2d at 205.

Under this standard, we must accept the administrative agency's findings unless we are " 'left with the definite and firm conviction that a mistake has been committed.' "  
Concrete Pipe & Products of California, Inc. v. Construction Laborers Pension Trust
, 508 U.S. 602, 622, 124 L. Ed. 2d 539, 563-64, 113 S. Ct. 2264, 2279 (1993), quoting 
United States v. United States Gypsum Co.
, 333 U.S. 364, 395, 92 L. Ed. 746, 766, 68 S. Ct. 525, 541-42 (1948).

In the case at bar, there is no dispute that the proposed charter contained satisfactory information regarding 13 of the 15 factors mandated in the Act.  As to the remaining two factors, the facility location and the updated budget, the State Board determined that the Foundation had presented sufficient information to comply with the Act and to establish that the issuance of the charter was in the best interests of the students it was intended to serve.

Specifically, the board concluded that the Foundation had named at least two sites that were potentially available as a charter school facility by the time the charter school was to open, as required by section 27A-7(3) of the Act.  105 ILCS 5/27A-7(3) (West 1998).  The evidence which supported this conclusion was derived from the proposed charter which identified four sites which were being marketed for sale or lease that could be renovated and leased by the charter school.  In addition, the board found that the Foundation had established that the financial terms of the charter proposal were economically sound for both the charter school and the school district.  
105 ILCS 5/27A-9
 (West 1998).  The evidence supporting this finding included documentary evidence in the form of a budget, which would be updated 30 days prior to the opening of the school, as well as testamentary evidence regarding spending assumptions for goods and services which would be different from, and more flexible than, those employed by District 59.

Upon careful consideration of the administrative record, we hold that the State Board was not clearly erroneous when it found that the charter proposal satisfied the requirements of the Act and was in the best interests of the students it was intended to serve.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

AFFIRMED.

BUCKLEY, J., and O'BRIEN, J., concur.

FOOTNOTES
0:
1 
This was the third proposal submitted by the Foundation.  District 59 had denied the prior two proposals, and the State Board upheld those decisions.